IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| DR. LISA NICHOLSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:23-cv-778 |
| | ) | |
| THE CHILDREN'S MERCY HOSPITAL, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S SUGGESTIONS IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

This Court has personal jurisdiction over the parties, subject matter (diversity of citizenship) jurisdiction over the case, and is a proper venue to hear this matter. Notably, Plaintiff does not even claim otherwise. Thus, her Motion to Remand should be denied.

Defendant The Children's Mercy Hospital ("CMH") properly removed this matter pursuant to the unambiguous language of 28 U.S.C. § 1441(b) because, at the time of removal, CMH had not been served. Conceding that diversity jurisdiction exists, the amount in controversy is met, and pre-service removal (aka "snap removal") is widely accepted, Plaintiff Dr. Lisa Nicholson ("Plaintiff") still seeks to have this case remanded on the assertion that CMH **may** have "*intentionally* avoided service" and engaged in "procedural gamesmanship."

Regardless of Plaintiff's assertions and/or inferences of wrongdoing, the sworn affidavits and exhibits accompanying this Opposition show CMH properly removed this matter, did not avoid service, and did not engage in procedural gamesmanship. Moreover, a growing body of federal case law supports pre-service or "snap" removal (including multiple 2023 Eighth Circuit opinions). At most, the Court should certify this issue for final resolution by the Eighth Circuit if it is not inclined to deny Plaintiff's Motion outright.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 26, 2023, Plaintiff filed this lawsuit against CMH in the Circuit Court of Jackson County in Kansas City, Missouri (Case No. 2316-CV28580).

On October 27, 2023, at approximately 12:25 PM, CMH's undersigned counsel, Michaeli Hennessy ("Hennessy") with Husch Blackwell LLP, called Lisa Loree ("Loree") with Registered Agent, LTD. *See* Hennessy Aff., attached as Ex. A, at ¶ 4. Registered Agent, LTD is a third-party company that serves as CMH's registered agent. *See* Loree Aff., attached as Ex. B, at ¶ 3. Loree did not answer, so Hennessy left a voicemail. *See* Hennessy Aff., Ex. A at ¶ 4.

Immediately after the phone call, at 12:31 PM, Hennessy emailed Loree. *Id.* at ¶ 5; *see also* Email to Loree, attached as Ex. C. Loree returned Hennessy's call between 12:31 PM and 1:19 PM. *See* Hennessy Aff., Ex. A at ¶ 6; Loree Aff., Ex. B at ¶ 7. Loree confirmed that she was not in the office and had not accepted service in this matter. Hennessy Aff., Ex. A at ¶ 7; Loree Aff., Ex. B at ¶ 8. At 1:24 PM, Loree confirmed via email that Registered Agent, LTD had no record of receiving any service on a matter relating to Lisa Nicholson. *See* Email to Loree, Ex. C. Loree did not learn of this matter until she received Hennessy's voicemail and no one (associated with CMH or otherwise) instructed her to do anything to avoid service. Loree Aff., Ex. B at ¶¶ 5, 10. Hennessy had not communicated with Loree regarding this matter prior to the above correspondences. Hennessy Aff., Ex. A at ¶ 8. On October 27, 2023, at 4:49 PM, CMH filed its Notice of Removal. It is undisputed that CMH had not been served at the time of removal. *Id.* at ¶ 9.

## ARGUMENTS AND AUTHORITIES

**A.      Pre-Service Removal is Supported by the Plain Language of 28 U.S.C. § 1441(b)(2) and the Case Law Interpreting the Same.**

The plain language of 28 U.S.C. § 1441(b)(2) permits a forum defendant to remove a case to federal court before the forum defendant has been "properly joined **and served**." *See* 28 U.S.C.

§ 1441(b)(2) (emphasis added). The statute is unambiguous—if the forum defendant has not been joined <u>and</u> served, the statute does **not** bar removal (and subject matter jurisdiction is otherwise clear, as here). *Soule v. Langley Recycling, Inc.*, No. 4:19-cv-01031-DGK, 2020 WL 1285926, at *2 (W.D. Mo. Mar. 18, 2020) (Judge Kays) (holding that the language of 28 U.S.C. § 1441(b)(2) is "clear and unambiguous" and "[a] party **<u>must</u>** be both joined *and* served for that party's status as a forum defendant to prevent removal*"*) (emphasis added).

This Court should enforce the statute as written. As it is here, when a statute's language is unambiguous, "the sole function of the courts is to enforce it according to its terms." *Owner-Operator Indep. Drivers Ass'n v. Supervalu, Inc.*, 651 F.3d 857, 863 (8th Cir. 2011) (internal citations and quotes omitted); *see also Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 251 (2010) (same holding"); *Graham v. CIOX Health, LLC*, 952 F.3d 972, 975 (8th Cir. 2020) (finding that the word "and" should "be given 'its ordinary plain meaning as a conjunctive'") (quoting *Stiers v. Dir. of Rev.*, 477 S.W.3d 611, 615 (Mo. banc 2016)).

CMH complied with 28 U.S.C. § 1441(b)(2) when it removed to this Court. It is undisputed that at the time of removal CMH was not "properly joined and served" as required by the statute as it had not been served with process. *See* Hennessy Aff., Ex. A at ¶ 8; *see also, generally*, Pl.'s Mot. to Remand. Therefore, by the express terms of the statute, the forum-defendant rule does not apply nor does it preclude CMH's removal.

Regardless of the statute's unambiguous language, both parties recognize that some federal courts differ as to whether snap removal is proper. *See* Pl.'s Mot. to Remand, p. 3 ("Some [courts] have supported Defendant's position that removal is appropriate in such cases based on their interpretation of the phrase 'properly joined and served.'"). To date, the Second, Third, and Fifth Circuits have expressly approved of snap removal. *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d

699, 705-06 (2d Cir. 2019) (holding 28 USC § 1441(b)(2) "is inapplicable until a home-state defendant has been served in accordance with state law" and such a reading is not improper "merely because it produces results that a court or litigant finds anomalous or perhaps unwise"); *see also Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 153-54 (3d Cir. 2018) (finding pre-service removal does not rise to the level of an "absurd or bizarre result"); *Texas Brine Co., LLC v. Am. Arbitration Ass'n., Inc.*, 955 F.3d 482 (5th Cir. 2020) (finding that 28 USC § 1441(b)(2) unambiguously precludes removal only when forum defendant has been served). To CMH's knowledge, no Circuit has expressly rejected pre-service removal.

In May 2022, Judge Gaitan granted a CMH's pre-service removal, finding that "**the Eighth Circuit would likely join the other circuit courts which have spoke on the issue of snap removal and would allow such removals.**" *McGinnis v. The Children's Mercy Hospital*, No. 21-0866-CV-W-FJG, 2021 WL 5937847, at *6 (W.D. Mo. May 5, 2022) (emphasis added). In so holding, Judge Gaitan notably acknowledged that he had changed his view on pre-service removal for two reasons.

First, Judge Gaitan recognized that the trend in the law was to accept pre-service removal. *See id.* at *5. Second, he noted that the Eighth Circuit overruled *Horton v. Conklin*, 431 F.3d 602, 605 (8th Cir. 2005), which he relied upon in his prior holdings against snap removal. In *Horton*, the Eighth Circuit held that a "violation of the forum defendant rule is a jurisdictional defect and not a mere procedural irregularity capable of being waived." *See Horton*, 431 F.3d at 605. The Eighth Circuit then overturned *Horton* in *Holbein v. TAW Enterprises, Inc.*, whereas the Eighth Circuit found the "forum defendant rule is a non-jurisdictional defect in removal procedure that is waived if not raised in a motion to remand made within 30 days after the filing of the notice of removal." *See* 983 F.3d 1049, 1051, 1053-59 (8th Cir. 2020).

Judge Gaitan's prediction appears well-founded. Since *McGinnis*, the Eighth Circuit has dealt with the issue of pre-service removal on multiple occasions and has notably declined the opportunity to reject it. *M & B Oil, Inc. v. Federated Mut. Ins. Co.*, 66 F.4th 1106, 1109-10 (8th Cir. 2023) ("[Pre-service] removal offers a potential solution to a different problem: the forum-defendant rule…. **A defendant can remove the case to federal court, assuming there is 'original jurisdiction,' if the forum-state defendant has yet to be 'properly…served.'**")[1] (emphasis added) (citations omitted); *see also Cagle v. NHC Healthcare-Maryland Heights*, 78 f.4th 1061, 1065-66 (8th Cir. 2023) (noting an issue with pre-service removal *only* where a plaintiff shared citizenship with a defendant; hence no complete diversity of citizenship, unlike this matter). The Eighth Circuit has merely found that pre-service removal cannot cure a lack of complete diversity, which is not an issue here.

The Eighth Circuit has not yet expressly joined the Second, Third, and Fifth Circuits in mandating approval of pre-service removal. But given its recent rulings speaking favorably of it, should the Court be inclined to remand, the proper course of action would be what Judge Gaitan did. The Eighth Circuit should decide "the propriety of 'snap' removals" in order to "promote consistent results throughout the Circuit." *See McGinnis*, No. 21-0866-CV-W-FJG, 2021 WL 5937847, at *12 (permitting Plaintiff to file an application for interlocutory review with the Eighth Circuit under Section 1292(b).[2] Nevertheless, based on the Eighth Circuit's refusal to reject snap removal after being presented with the question on multiple occasions, the Eighth Circuit "would

---

[1] There is no dispute that CMH was not served prior to removal.

[2] Plaintiff missed the deadline to file this appeal and *McGinnis* resolved prior to any such Eighth Circuit decision.

likely join the other circuit courts…and would allow such removals." *See id.* at *6.[3]

**B.  CMH Did Not Avoid Service or Engage in Procedural Gamesmanship.**

Plaintiff further states she "does not, and at this stage cannot, know if Defendant [CMH] *intentionally* avoided service." *See* Mot. to Remand, p. 5. Regardless of any such accusation or inference of wrongdoing, the sworn affidavits and exhibits show that CMH did not engage in procedural gamesmanship to "*intentionally* avoid[] service." *Id.* Plaintiff commenced this action on October 26, 2023. Undersigned counsel then contacted CMH's registered agent and was informed that she was not in office and had not been served in this matter. Hennessy Aff., Ex. A at ¶¶ 4-7; Loree Aff., Ex. B at ¶ 8.; Email to Loree, Ex. C. The registered agent affirmed under penalty of perjury that she was not instructed to avoid service in any matter brought against CMH. *See* Loree Aff., Ex. B at ¶¶ 5, 11

## **CONCLUSION**

It is undisputed that that there is complete diversity of citizenship between Plaintiff (a citizen of Kansas) and CMH (for purposes of federal jurisdiction, a citizen of Missouri), the amount in controversy exceeds $75,000, and CMH was *not* properly joined and served at the time of removal. Therefore, CMH properly removed to this Court pursuant to 28 U.S.C. § 1441, and Plaintiff's Motion to Remand should be denied.

In the alternative, given that multiple Courts of Appeal, including seemingly the Eighth Circuit, expressly or impliedly approved of pre-service removal, this matter should not simply be

---

[3] But, it is true that this Court has held otherwise. In an opinion distinguished from *Soule* on a factual basis, Judge Kays remanded a pre-service removal case filed by *one* of the named in-state defendants on the basis that "[p]ermitting removal where all defendants are forum defendants would clearly undermine the intent behind the forum defendant rule." *See Financial Credit Investment II Trust E v. Estate of Towers, et al.*, No.4:23-cv-00355-DGK, 2023 WL 6809612, at *2 (W.D. Mo. Oct. 16, 2023). This case is distinguished from the case before Judge Kays as there is only one defendant, though it is not clear that factored into his reasoning in *Estate of Towers*.

remanded in the event the Court is persuaded by Plaintiff's Motion. It does not serve the interests of justice for a specific party to receive precisely opposite results in the same district, with the same relevant facts and procedural standpoint, 17 months apart. However, were the Court to order remand, that is exactly what would happen given the *McGinnis* opinion. Federal law allows for a mechanism to resolve such a situation under 28 U.S.C. § 1292(b), and that is to certify the matter for interlocutory appeal (as Judge Gaitan did in *McGinnis*).[4]

Respectfully Submitted,

*/s/ Timothy A. Hilton*
Timothy A. Hilton     MO Bar #61622
Michaeli M. Hennessy     MO Bar #72841
HUSCH BLACKWELL LLP
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
Telephone: 816-983-8000
Facsimile: 816-983-8080
tim.hilton@huschblackwell.com
michaeli.hennessy@huschblackwell.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that on the 5th day of December 2023, the above and foregoing was filed via the Court's electronic (ECF) filing/notification system, which will cause a copy to be served on all parties of record.

*/s/* Timothy A. Hilton
**Attorney for Defendant**

---

[4] While interlocutory review should not be necessary given *McGinnis* and the Eighth Circuit's recent opinions, that is within the Court's discretion should the Court find the requirements of section 1292 are met here.